IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 2:91cr195-WKW |
| ) | (WO) |
| JACK RENARD WOODS ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before this court on the mandate of the Court of Appeals for the Eleventh Circuit entered on September 4, 2014. (Doc. # 590). The Eleventh Circuit vacated this court's order denying defendant Woods' 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendments 748 and 750 of the Sentencing Guidelines. The Eleventh Circuit remanded this case for this court to

> determine whether the crack cocaine it held Woods accountable for was more than or less than 840 grams. If more than 840 grams, it will deny Woods's motion – because the base offense level will still be at 34. If less than 840 grams and a base offense level of 32, the court will then have to take the second step, as the [*United States v.*] *Hamilton,* [715 F.3d 328 (11th Cir. 2013)] court prescribed.

*See* Doc. # 589.

On September 23, 2014, this matter was referred to the undersigned for resolution of Woods's § 2582(c)(2) motion. (Doc. # 591).

The defendant was convicted in this court of conspiracy to possess with intent to distribute crack cocaine, and, on June 3, 1992, sentenced to 360 months imprisonment.[1] (Doc. # 408). On September 30, 2008, pursuant to 18 U.S.C. § 3582(c)(2), Woods' sentence was

---

[1] Woods was charged in four counts of violating 21 U.S.C. §§ 841(a)(1), 846, 860 and 861.

reduced from 360 months to 324 months of imprisonment. (Doc. # 568). On October 12, 2011, Woods again moved to reduce his sentence pursuant to 18 U.S.C. § 3582. (Doc. # 573). After a hearing, the court denied his motion. (Doc. # 578). Woods appealed, and the Eleventh Circuit remanded the case to this court for further proceedings. *United States v. Woods*, 573 Fed. Appx. 881 (11th Cir. 2014).

To comply with the mandate, the court must "determine what drug quantity findings [the district court] made, either explicitly or implicitly, at [Woods's] original sentencing hearing." *United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013). *See also United States v. Guyton*, 550 Fed. Appx. 796, 800 (11th Cir. 2013) ("[o]n remand, the district court should determine what drug quantity findings, if any, it made, either explicitly or implicitly, at Guyton's original sentencing hearing, and whether Amendment 750 affects his sentence.")

It is the defendant's burden to establish "that a retroactive amendment has actually lowered his guideline range in his case." *Hamilton*, 715 F.3d at 337. *See also United States v. Wright*, 562 Fed. Appx. 885, 887 (11th Cir. 2014) *cert. denied*, 135 S.Ct. 218 (Oct. 6, 2014). The court must "examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue" of the drug amount attributable to Woods. *Id.*, at 340. The court may make new findings of fact that are supported by the record and are not inconsistent with facts found at the original sentencing proceeding, but the court may not take new evidence at this stage in the proceeding. *Id.*

Woods concedes that "there is insufficient information to determine the exact amount of drugs attributable to Mr. Woods." (Doc. # 595 at 1, 9, 10). However, Woods urges the court

to rely on the testimony of Herbert McPherson to find that Woods possessed "at least 283 grams of crack cocaine" which would then allow the court to find that Woods possessed less than 840 grams of crack cocaine.[2] (Doc. # 595 at 2, 4-5). The problem with Woods' position is the sentencing court specifically declined to rely on McPherson's testimony, discrediting it and finding it to be inconsistent. (Sentencing Tr. at 1091). Thus, any finding that relies on McPherson's testimony would be inconsistent with findings made at sentencing, and would be impermissible under *Hamilton*, *supra*, and its progeny.

At sentencing, the court made the following findings:

> THE COURT:  . . . The court finds that the average rock of crack cocaine weight is .1, one-tenth of a gram.
>
> There being several drug operations on the corner of Troy and Belview Streets during the period covered by the indictment. These defendants were involved in one of those drug operations. The drug transactions at this location occurred both during the daytime and at nighttime. The court finds it unlikely that there were as many sales at night, given the fact that between the hours of midnight and at least four or five in the morning, sales would probably be less than during the rest of the day, thus leading the court to the conclusion that there were probably not as much sales at night as there were during the daytime.
>
> *There is no basis in the evidence on which a calculation can be made as to the precise quantity of drugs involved in this conspiracy.*
>
> Based on all the evidence presently before the court, educed both at this hearing and at trial, the court concludes that on the average there were about fifty grams of cocaine sold per week for about thirty weeks. The total 1.8 kilo, which is arrived at, must be adjusted because (sic) assumes the full participation by all of the members of the conspiracy for that entire time. One of the members,

---

[2] To the extent that Woods attempts to limit the amount of drugs to only those in his possession, the law is clear that a defendant may be held accountable for the drugs in his possession as well as the drug quantities attributed to others in the conspiracy. *See United States v. Matthews*, 168 F.3d 1234, 1247 (11th Cir. 1999); *United States v. Mertilus*, 111 F.3d 870, 873 (11th Cir. 1997).

> Valeria Woods, was removed from the conspiracy by incarceration in May of 1991. The court reaches *the ultimate conclusion, finding that while at least 500 grams of cocaine were involved in this conspiracy, less than 1.5 grams* were involved. The base offense level, therefore, is found by the court to be level 36.
>
> Are there any questions?
>
> MR. GOGGANS:    I don't have any questions, Your Honor. But one thing Mr. Maddox and I were talking about, the court had said greater than 500 grams, but less than 1.5 grams. I think the court meant 1.5 kilograms.
>
> THE COURT:  Kilograms, yes, that is correct.

(Sentencing Tr. at 1109-1110) (emphasis added).

Although the Eleventh Circuit mandated that this court determine "whether the crack cocaine it held Woods accountable for was more than or less than 840 grams," it is clear that the court cannot, at this juncture, determine with any specificity or accuracy, whether the amount of crack cocaine attributable to Woods is greater or less than 840 grams.

> If, after examining the findings it made at the initial sentence proceedings and, if those are inadequate, after looking at the record and materials that were before it at the time of the original sentence hearing, the district court cannot determine [Woods'] drug quantity with enough specificity to decide whether Amendment 750 lowers his guidelines range, then [Woods] is ineligible for § 3582(c)(2) relief. As the § 3582(c)(2) movant, [Woods] bears the burden of showing that if Amendment 750 had been in effect at the time of his original sentencing, then he would have received a lower guidelines range. *Cf* U.S.S.G. § 1B1.10(b)(1). If [Woods] cannot make that showing, then the court does not have the authority to reduce [Woods'] sentence under §3582(c)(2).

*Hamilton*, 715 F.3d at 740-41.

The court has examined the findings made at the initial sentencing proceeding, and has reviewed the record and material before it at that hearing. The court finds that it cannot determine Woods' drug quantity with any specificity. Because the court cannot determine

whether the amount of crack cocaine is greater or less than 840 grams, Woods is ineligible for a sentence reduction based on Amendment 750 and 18 U.S.C. § 3582(c)(2). His motion is due to be denied.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Woods' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 15, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 1st day of December, 2014.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE